Judge: Mary Jo Heston
Chapter: 13
Hearing Date: April 25, 2019
Hearing Time: 1:00 p.m.
Hearing Location:
    U.S. Bankruptcy Court
    Union Station
    1717 Pacific Ave, Courtroom H
    Tacoma, WA 98402

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

HEATHER J ELSIE LINCOLN BENEDICT,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 18-43283-MJH

OBJECTION TO CONFIRMATION OF PLAN

    Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the confirmation of the debtor's Chapter 13 plan (Docket No. 58):

    The debtor filed this case on September 27, 2018. Jason Wilson-Aguilar was appointed Chapter 13 Trustee in this case on February 5, 2019. The debtor's amended plan provides for monthly plan payments of $500.00 (ECF No. 58).

    (1) The debtor's year to date income for 2018 as of the petition date (January 1, 2018 through September 27, 2018) as disclosed on her Statement of Financial Affairs is $142,834.29 (ECF 14, question 4). The debtor's Official Form B122C-1 (ECF No. 15) asserts that in the six months prior to filing the case, the debtor's average monthly income was $4,643.27, rendering her a below median debtor. If these figures are correct, the debtor would have earned $114,974.67 in the first three months of 2018, which is a significant departure from the total annual 2017 and 2016 income from employment disclosed in her schedules ($114,322.00 and $109,282.00 respectively) (ECF No. 14, question 4). The debtor needs to amend her B122C-1 to include her actual income received in the six months prior to filing to determine if she is in fact an above or below median debtor. She will need to change the designation in Section II to above median as appropriate (ECF No. 58)

OBJECTION TO CONFIRMATION
OF PLAN - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

(2) When amending her Official Form B122-C1, the debtor needs to include the $47,000.00 she disclosed from cashing out Amazon stock April 17, 2018 (ECF No. 14, Statement of Financial Affairs, question 5), as well as the income from "Turo" in October 2018, and "Epic", and the income she received from online sales in the six months prior to filing her petition (ECF No. 14, Statement of Financial Affairs, question 5). According to the investment account statement provided by the debtor to the Trustee, the amount the debtor received from stock sales in April 2018 was $53,071.21.

(3) The debtor filed Amended Schedules I and J (ECF No. 59). The debtor's Schedule J shows "monthly net income" on line 23c of $870.00. The debtor's Schedule I, however, includes a "garnishment" of $184.65, and "café deduction: of $71.25 on line 5h. The Trustee believes that the "garnishment" is the wage deduction for the Chapter 13 plan payment, and the "café deduction" is for food expenses already deducted on Schedule J. These amounts should not be included as payroll deductions for Schedule I purposes. The debtor's amended plan only proposes a payment of $500.00 monthly. The debtor needs to file an amended plan that commits all of her monthly net income.

(4) The debtor needs to complete Section IV.C.3.b. with her valuation of her vehicle as well as a description of the vehicle and the interest rate she proposes to pay on the claim.

(5) The debtor needs to amend her plan to change the designation in Section IV.D. of her plan to 100%. The debtor disclosed that on the petition date, she held Amazon Stock (ECF No. 14, Schedule A/B, question 18). On information and belief, based on debtor's pay advices, the debtor held shares of Amazon stock valued at approximately $97,918.56 on the petition date. Based on this value and the other assets and/or preference payments previously discussed, the debtor needs to amend her plan to increase her liquidation analysis figure and to pay her creditors 100% of their claims.

(6) The debtor needs to amend her plan to provide for a liquidation analysis figure in Section X. of at least $98,731.43. This calculation includes the $9,000.00 preference payment to to the debtor's sister, as well as the $97,918.56 in stock options that the debtor held as of the petition date.

OBJECTION TO CONFIRMATION
OF PLAN - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

(7) According to the Internal Revenue Service, the debtor has not filed her 2014 tax return (ECF Claim No. 6). 11 U.S.C. §§ 1307, 1308.

(8) It does not appear that debtor's amended plan has been served on creditors as required under Fed. R. Bankr. P 2002(b) and Local R. Bankr. P. 2002-1 and 9013-1(c) as a proof of service has not been filed.

The debtor's plan as drafted is underfunded and not feasible. The Trustee estimates that a plan payment of approximately $1,200.00 monthly is required for feasibility. The debtor needs to file, note and serve a feasible amended plan that provides for an increased liquidation value in Section IX and 100% payment to nonpriority unsecured creditors in Section IV.3.E.

The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny confirmation of the debtor's plan and, if appropriate, set deadlines for the filing and noting of a feasible amended plan.

Dated this 18th day of April, 2019

                */s/ Lisa McMahon-Myhran*, WSBA #27559 for
                JASON WILSON-AGUILAR
                Chapter 13 Trustee

OBJECTION TO CONFIRMATION
OF PLAN - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282